## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| MICHAEL L. METTER, | ) | Case No. 01-50506 |
| | ) | |
| Debtor | ) | July 27, 2004 |

### MOTION TO TREAT TARDILY FILED CLAIM
### OF DAVID DeCERBO AS TIMELY FILED

Richard M. Coan, Trustee in the above-captioned matter, respectfully represents as follows:

1. Your Movant was heretofore appointed trustee of the estate of the above-named debtor, has qualified, and is now acting as such.

2. The bar date for filing claims in this case was December 2, 2002.

3. David DeCerbo filed Claim No. 10 in the amount of $442,215.00. The claim was dated November 30, 2002 and filed on December 6, 2002.

4. On or about May 19, 2004, the Movant wrote a letter to David DeCerbo stating tht his claim was a late-filed claim and in this case there would not be a distribution to late-filed claimants.

5. By letter of May 24, 2004, David DeCerbo's counsel responded to the Trustee and argued that the claim ought to be treated as a timely-filed claim. Said argument stated the following:

   a. The Clerk's Notice of Need to File Proof of Claim Due to Recovery of Assets dated September 3, 2002 was misleading. Said Notice states that creditors "...must file a proof of claim

1

      with the Clerk or the Bankruptcy Court...on or before: 12/02/02". A few sentences later the Notice specifies that the proof of claim form "may be filed by regular mail". In his letter, DeCerbo's attorney states that DeCerbo mailed his proof claim to the Clerk on December 2, 2002 and that the placing of the proof claim in the mail on said date constitutes timely filing by "regular mail".

b.   Even if the filing is untimely, DeCerbo argues that the delay is plainly due to excusable neglect under the Supreme's Court decision in <u>Pioneer Investment Securities Co. v. Brunswick Assocs. Ltd. Partnership</u>, 113 S.Ct. 1489, 1495 (1993).

c.   Reviewing the standard set forth in the <u>Pioneer</u> case, DeCerbo argues that there is no prejudice to the debtor or the Trustee, the length of the delay was minimal, there was no impact on the judicial proceedings because the Trustee did not commence his distribution for nearly one and a half years after the claims bar date, the reason for the delay was the language of the bar date notice and the Movant acted in good faith.

6. The Trustee believes that under all of these circumstances, DeCerbo's claim should be treated as a timely filed claim.

**WHEREFORE**, Richard M. Coan, Trustee respectfully moves that this Court enter an order treating Claim No. 10 by David DeCerbo as a timely-filed claim.

Dated at New Haven, Connecticut this 27th day of July 2004.

*[signature]*

Richard M. Coan, Trustee
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street
New Haven, CT 06511
(203) 624-4756
Federal Bar No. ct06376

3